UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUITA MARIE Q.,<br><br>            Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>            Defendant. | Case No.: **3:19-cv-01280-KSC**<br><br>**ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**[Doc. Nos. 19, 22]** |

On July 10, 2019, plaintiff Marquita Marie Q. ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits. Doc. No. 1. Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. Doc. No. 7. Before the Court are the parties' cross-motions for summary judgment. Doc. Nos. 19, 22. For the reasons set forth below, the Court GRANTS plaintiff's motion for summary judgment, DENIES defendant's motion for summary judgment, and REMANDS the matter to the Social Security Administration (the "Administration") for further proceedings as described herein.

## I. BACKGROUND

Plaintiff is a 36-year old female who suffers from various physical and psychological ailments, including degenerative disc disease, damage from a gunshot wound she sustained

as a child, foot drop (for which she wears a brace and uses a cane), mood and personality disorders, anxiety, depression and schizophrenia. Plaintiff alleges these conditions prevent her from working. She applied for disability insurance benefits under Title II of the Social Security Act on May 16, 2013, alleging a disability beginning on January 1, 2010, which date was later amended to April 2, 2012. Doc. No. 19-1 at 2; Certified Administrative Record ("AR") at 28, 48, 177.[1]

**A. ALJ Henrie's Findings and Decision**

After her applications were denied at the initial stage and upon reconsideration, plaintiff requested an administrative hearing. AR at 28. The hearing took place on January 16, 2015 before Administrative Law Judge ("ALJ") Robin Henrie. *Id.* at 45. Plaintiff testified at the hearing and was represented by counsel. *Id.* at 47. A vocational expert also testified. *Id.*

On March 21, 2015, ALJ Henrie issued an unfavorable decision, finding that plaintiff was not disabled for the period April 2, 2012 through the date of the decision (*i.e.*, March 21, 2015). *Id.* at 28-40. ALJ Henrie followed the five-step sequential evaluation set forth in the Social Security regulations in reaching this conclusion.[2] *See* 20 C.F.R. §§ 404.1520 *et seq*. At Steps One, Two and Three, respectively, ALJ Henrie found that plaintiff had not been gainfully employed since April 2, 2012 and that plaintiff "ha[d]

---

[1] The Court adopts the parties' pagination of the AR. All other record citations are to the page numbers assigned by the Court's ECF system.

[2] The five-step analysis requires the ALJ to determine: (1) Step One, whether the claimant is presently working in any substantial gainful activity. If so, the claimant is not disabled. If not, the evaluation proceeds to Step Two; (2) Step Two, whether the claimant's impairment is severe. If not, the claimant is not disabled. If so, the evaluation proceeds to Step Three; (3) Step Three, whether the impairment meets or equals a specific impairment listed in the Listing of Impairments. If so, the claimant is disabled. If not, the evaluation proceeds to Step Four; (4) Step Four, whether the claimant is able to do any work he has done in the past. If so, the claimant is not disabled. If not, the evaluation continues to Step Five; and (5) Step Five whether the claimant is able to do any other work. If the Commissioner can establish there are a significant number of jobs in the national economy that the claimant can perform, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. § 404.1520; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

severe physical and mental impairments that cause more than minimal limitations" in her ability to work (identified as mood disorder with psychotic features, degenerative disc disease of the lumbar spine, and schizophrenia with paranoia), but that those limitations did not meet or equal a listed impairment. AR at 30-31. At Step Four, ALJ Henrie found that based on her residual functional capacity ("RFC") plaintiff was "capable of unskilled sedentary work with some additional exertional and non-exertional limitations." *Id.* at 36. Specifically, ALJ Henrie found that from April 2, 2012 through March 21, 2015, plaintiff had the "residual functional capacity to perform the full range of sedentary unskilled work" so long as that work did not require:

- Lifting more than 10 pounds at a time, on more than an occasional basis;

- Lifting and carrying articles weighting more than 5 pounds, on more than an occasional basis;

- Standing or walking more than 10-15 minutes at one time, and no more than 2 total hours in an 8-hour workday, with an option to use a cane for walking or standing as needed;

- Sitting more than 30 minutes at one time, and no more than 6 total hours in an 8-hour work day;
  - Note: regarding standing/walking and sitting, to be as comfortable as possible, claimant required the option to make the postural changes noted above, thus there must have been an option to perform work duties while standing/walking or sitting, due to the need for these postural changes;

- More than occasional stooping, bending, twisting or squatting;

- Working on the floor (e.g. no kneeling, crawling or crouching);

- Ascending or descending full flights of stairs (but a few steps up or down not precluded);

- Overhead lifting or overhead reaching;

- Any foot control work duties;

- Working in other than a clean, climate-controlled environment, with only minimal noise;

- Working in other than a low stress environment, which means:

    o A low production level (where VE classified all jobs as low, average, or high production),

    o no working with the general public and no working with crowds of co-workers,

    o only "rare" contact with supervisors and co-workers, but still having the ability to respond appropriately to supervision, co-workers and usual, routine work situations,

    o the ability to deal with only "occasional" changes in a routine work setting;

- work at more than a low concentration level, which means the ability to be alert and attentive to (and adequately perform) only unskilled work tasks;

- work at more than a low memory level, which means:

    o the ability to understand, remember and carry out only "simple" work instructions,

    o the ability to remember and deal with only "rare" changes in the work instructions from week to week,

    o the ability to remember and use good judgment in making only "simple" work related decisions.

AR 33-34.

In making this determination, ALJ Henrie considered "the totality of the evidence," although the ALJ found plaintiff's subjective testimony "less than fully credible." *Id.* at 36. ALJ Henrie gave "greater weight" to the one-time examining opinion and report of Ted Shore, Ph.D., who performed a psychological consultative examination on August 19, 2013, than to similar reports by State agency medical consultants. *Id.* at 31-32, 38. At Step Five, ALJ Henrie found that given her age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff

could perform. *Id.* at 39. Accordingly, ALJ Henrie determined that plaintiff was not disabled between April 2, 2012 and March 21, 2015. *Id.* at 40.

## B. Appeal to the District Court and Remand

Plaintiff appealed ALJ Henrie's decision to the Administration's Appeals Council, and, ultimately, to the District Court. *See Marquita Marie Q. v. Berryhill*, Case No. 16-cv-2716-CAB-KSC, Docket No. 1 (S.D. Cal. Nov. 1, 2016). On March 24, 2017, plaintiff moved for summary judgment. *Id.*, Docket No. 12. As explained in the District Court's Amended Order Regarding Cross Motions for Summary Judgment (the "MSJ Order"), the "sole issue" on appeal was "whether the ALJ committed legal error at step five of the sequential evaluation process." *Id.*, Docket No. 26, at 6 (S.D. Cal. Oct. 10, 2017). Plaintiff's specific claim on appeal was that ALJ Henrie erred at Step Five by failing to resolve apparent conflicts between plaintiff's RFC – in particular, her restriction to working in environments with minimal noise – and the noise level for the three jobs she was deemed capable of performing. *Id.* at 8. The District Court agreed and granted plaintiff's motion for summary judgment. *Id.* at 9, 11. In doing so, the District Court refrained from "address[ing]" the ALJ's findings at Steps One through Four because "the parties [did] not dispute" those findings. *Id.* at 6; *see id.* at 5 (noting that "step five … is at issue here"). The District Court remanded plaintiff's disability claim to the Administration "for further proceedings consistent with this order." *Id.* at 11.

On January 10, 2018, the Appeals Council issued a remand order stating that:

> The U.S. District Court for the Southern District of California (Civil Action Number 3:16-cv-02716) has remanded this case to the Commissioner of Social Security for further administrative proceedings in accordance with the fourth sentence of section 205(g) of the Social Security Act.
>
> Therefore, the Appeals Council vacates the final decision of the Commissioner of Social Security and remands this case to an Administrative Law Judge for further proceedings consistent with the order of the court.

> In compliance with the above, the Administrative Law Judge will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision.

AR at 900.

### C. ALJ Schum's Findings and Decision

Following remand, the matter was assigned to ALJ Randolph E. Schum for further proceedings. ALJ Schum conducted a hearing on plaintiff's disability claim on February 28, 2019. AR at 821. Plaintiff, who was represented by counsel, testified at the hearing, as did an impartial vocational expert. *Id.* at 820-47.

ALJ Schum issued an unfavorable decision on April 30, 2019. *Id.* at 797-810. At Step One, ALJ Schum found that plaintiff had not engaged in substantial gainful activity since May 16, 2013 (the date plaintiff applied for benefits). *Id.* at 802. At Steps Two and Three, ALJ Schum determined that plaintiff had the following medically determinable impairments: degenerative disc disease of the cervical and lumbar spine, status post gunshot residuals with the history of right foot drop, obesity, mood disorder with psychotic features, anxiety and borderline personality disorder. *Id.* at 802-03. ALJ Schum found plaintiff's impairments limited her ability to perform basic work activities. *Id.* at 804-05.

ALJ Schum then assessed plaintiff's RFC (Step Four) anew, which resulted in an RFC less favorable to plaintiff than that determined by ALJ Henrie. Specifically, ALJ Schum found that plaintiff had "the residual functional capacity to perform a wide range [of] light work" and considered plaintiff able to:

- lift and carry up to 20 pounds occasionally and up to ten pounds frequently;
- stand or walk six hours in an eight-hour workday and sit for six hours in an eight-hour workday;
- perform tasks where there is an occasional requirement for stooping, kneeling, crouching, crawling and climbing stairs or ramps; and

//
//

- understand, remember and carry out simple tasks and simple instructions.

*Id.* at 806. ALJ Schum further determined that plaintiff could not climb ropes, ladders or scaffolds; should avoid concentrated exposure to extreme cold or unprotected heights; should not work in a setting that involved regular contact with the general public or handle more than infrequent customer complaints. *Id.* He did not make any findings regarding plaintiff's tolerance for stress or noise, or her concentration level. In determining plaintiff's limitations, ALJ Schum cited heavily to the August 19, 2013 psychological assessment by Dr. Shore. *Id.* at 803-04. However, whereas ALJ Henrie gave Dr. Shore's report "greater weight" than other assessments in the record, ALJ Schum assigned it no weight at all, noting there was "some question as to its validity." *Compare id.* at 38 *with id.* at 804. ALJ Schum also considered other records dated between 2013 and 2017 and found that the foregoing RFC was "supported by the record as a whole." *Id.* at 808.

Proceeding to Step Five, ALJ Schum found there were jobs that existed in significant numbers in the national economy that plaintiff could do, and identified three such light, unskilled jobs. *Id.* at 808-09. Accordingly, ALJ Schum found plaintiff was not disabled. *Id.* at 810. ALJ Schum's decision became final 60 days after April 30, 2019, and this appeal followed. *See* Doc. No. 1 at 2.

## II. DISPUTED ISSUES

Plaintiff moves for summary judgment on the basis that ALJ Schum's reassessment of her RFC violated the rule of mandate and the law of the case doctrine. Doc. No. 19-1 at 4-10. Plaintiff asserts that because neither she nor the Commissioner disputed ALJ Henrie's findings at steps one through four in her prior appeal, and the District Court "only remanded because of error at step five," the "scope of the remand was limited to reconsideration" of ALJ Henrie's step-five findings. *Id.* at 7. By exceeding the scope of the District Court's mandate, plaintiff claims, ALJ Schum committed "'jurisdictional error.'" *Id.* at 10 (citation omitted). Plaintiff also argues that ALJ Schum's revision of her RFC was prohibited by the law of the case doctrine, which prohibits a court from

"revisit[ing] issues which have been decided in a previous decision of the same court or a higher court." *Id.* at 7. Plaintiff claims that ALJ Henrie's findings at Steps One through Four as stated in her March 2015 decision are the law of the case and were not to be disturbed on remand to ALJ Schum. *Id.* at 7-9. Plaintiff requests that the Court reverse the Commissioner's decision and order payment of benefits or, alternatively, that the Court remand the matter back to the Administration for further proceedings. Doc. No. 19 at 1. Should the Court elect to remand, plaintiff requests the Commissioner be instructed "not to disturb [ALJ Henrie's] findings at [S]teps [O]ne through [F]our." Doc. No. 19-1 at 11.

The Commissioner also moves for summary judgment. Doc. No. 22. The Commissioner argues that the law of the case doctrine does not apply to ALJ Schum's findings on remand, because the period of alleged disability on remand was "more than twice as long" as the period considered by ALJ Henrie,[3] and included additional medical records and testimony from plaintiff. Doc. No. 22-1 at 12. The Commissioner asserts that ALJ Schum "assessed [p]laintiff's claim based on this new evidence." *Id.* The Commissioner also argues that ALJ Schum did not exceed the scope of the District Court's mandate because "the District Court's narrow decision did not explicitly or implicitly decide the issue of the RFC," nor did it "preclude" ALJ Schum from reassessing plaintiff's RFC. *Id.* at 13-14. The Commissioner claims "there is no factual or legal basis for remand," and requests the Court affirm the Commissioner's decision. *Id.* at 18-19.

### III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's final decision "must be affirmed" if it is "supported by substantial evidence, and if the Commissioner applied the correct legal standards." *Batson v. Comm'r Social Sec. Admin.*, 359 F.3d 1190, 1193 (9th

---

[3] The Commissioner incorrectly states that the "relevant period" for ALJ Henrie's decision is May 16, 2013 (the SSI application date) through March 21, 2015. Doc. No. 22-1 at 12. In fact, that decision covered the period April 2, 2012 through March 21, 2015. AR at 28, 30. The period covered by ALJ Schum's decision is May 16, 2013 through April 30, 2019. *Id.* at 801, 809.

Cir. 2004). "Substantial evidence" means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (citation omitted). This Court must "consider the entire record as a whole" and weigh adverse as well as supporting evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). However, where the evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See id*. Furthermore, the Commissioner's decision, even if erroneous, may not be reversed if the error is harmless. *Pruett v. Colvin*, 85 F. Supp. 3d 1152, 1157 (N.D. Cal. 2015). An error is harmless when it is inconsequential to the ultimate determination that a claimant is not disabled. *See Stout v Comm'r Social Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## IV.   DISCUSSION

### A. Law of the Case and the Rule of Mandate

"The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). The rule of mandate provides that any District Court that has "received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall*, 697 F.3d at 1067. A lower tribunal exceeds its jurisdiction if it takes action that contradicts the mandate, although it may decide anything not foreclosed by the mandate. *Id.* In the Ninth Circuit, both the law of the case and the rule of mandate apply to Social Security administrative remands from a federal court in the same way they would apply in any other case. *Stacy*, 825 F.3d at 567. Reversal is required under these doctrines where the ALJ's decision fails to comply with, or is otherwise inconsistent, with the "letter and the spirit" of the District Court's remand order. *Ischay v. Barnhart*, 383 F.Supp.2d 1199, 1214 (C.D. Cal. 2005); *see also Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (holding that "deviation from the [District] [C]ourt's remand order in … subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review").

**B. ALJ Schum's Re-Assessment of Plaintiff's RFC Violated the Rule of Mandate and the Law of the Case**

According to the Commissioner, ALJ Schum's *de novo* adjudication of Steps One through Four on remand did not violate the rule of mandate because "the District Court's order did not touch upon" those issues. Doc. No. 22-1 at 14. Similarly, the Commissioner claims that because the District Court's order was explicitly limited to a finding of error at Step Five, the District Court did not "endorse" ALJ Henrie's findings at Steps One through Four, leaving ALJ Schum free to revisit those findings. *Id.*

The Court disagrees. "[T]he rule of mandate encompasses issues both expressly and impliedly resolved on appeal." *Gilreath v. Berryhill*, No. EDCV 16–02037–JEM, 2017 WL 4564707, at *6 (C.D. Cal. Oct. 10, 2017). As one court explained:

> Th[is] point is particularly important in Social Security appeals because a district court is never called upon to address issues resolved in the claimant's favor; the claimant obviously cannot challenge such determinations, and the Commissioner cannot challenge them because they were made by him (or his delegate) in the first place.... [I]t follows from this procedural anomaly that when a district court passes judgment on, for example, an ALJ's step-five determination, ***it has implicitly affirmed the determinations at all prior steps***.

*Almarez v. Astrue*, No. EDCV 09-00140-MAN, 2010 WL 3894646, at *4–5 (C.D. Cal. Sept. 30, 2010) (quoting *Calderon v. Astrue*, 683 F.Supp.2d 273, 276 (E.D.N.Y. 2010) (emphasis added). As in *Almarez*, any "favorable" findings by ALJ Henrie were not appealed and thus were not disturbed by the remand order. *Id.* at *6. ALJ Schum was therefore "not authorized to revisit [plaintiff's RFC] *in toto*, much less to render a new RFC finding that was less favorable to plaintiff." *Id.*; *see also Sanchez v. Astrue*, No. 1:11–cv–00254–SKO, 2012 WL 3704756, at **13-14 (E.D. Cal. Aug. 27, 2012) (finding ALJ had exceeded the scope of remand where the District Court "requir[ed] the ALJ to explain … [a] Step Five discrepancy" but "[t]he ALJ, instead, revised [p]laintiff's RFC at Step Four"). Indeed, the Ninth Circuit holds that in the "typical case," an ALJ's Step-Four findings

//

"should not be reconsidered under the law of the case doctrine," even if those findings were not explicitly "affirmed by the district court on review." *Stacy*, 825 F.3d at 567.

Moreover, ALJ Schum did not address the singular issue that was the subject of plaintiff's appeal and the District Court's remand. ALJ Henrie's RFC determination, although thorough and detailed, left unresolved an apparent conflict between plaintiff's inability to tolerate more than minimal noise and the noise level of the jobs she was deemed capable of performing. *See* MSJ Order at 9 (noting that ALJ Henrie "found an RFC for exposure to minimal noise" yet the vocational expert selected three jobs with a "moderate" noise level). The purpose of the District Court's remand was to cure that error, *id.*, not an "invit[ation] to revise [p]laintiff's RFC." *Sanchez*, 2012 WL 3704756, at *14. The Administration's instructions on remand were for "further proceedings consistent with the [O]rder of the [C]ourt." AR at 900. Yet, ALJ Schum's decision not only failed to clarify the apparent conflict identified by the District Court, but his revised RFC is silent as to plaintiff's tolerance for noise. "It is indisputable that a lower court generally is 'bound to carry the mandate of the upper court into execution….'" *Samples v. Colvin*, 103 F.Supp.3d 1227, 1231 (D. Or. 2015) (citation omitted); *see also id.* at 1233 (finding error where ALJ "fail[ed] to follow the remand order"). ALJ Schum's failure to execute the District Court's specific mandate was further error.

Because ALJ Schum's renewed RFC determination failed to comply with both the "letter and the spirit" of the District Court's remand, the Court finds reversal is necessary. *Ischay*, 383 F.Supp.2d at 1214.

**C. A *De Novo* RFC Determination Was Not Warranted by New Evidence**

The Commissioner argues that ALJ Schum's reassessment of plaintiff's disability was warranted, because, as in *Stacy*, there was "new evidence" before ALJ Schum. Doc. No. 22-1 at 12. The Court disagrees. Contrary to the Commissioner's argument, *Stacy* does not stand for the proposition that whenever there is evidence before the ALJ on remand that was not part of the original record, "the law of the case doctrine does not apply." *Id.* Because the record on remand will often include evidence post-dating the

initial decision (as is true here), the Commissioner's rule would render the doctrine meaningless. Instead, the *Stacy* court focused on the exceptional nature of the facts before it, noting that the new evidence before the ALJ on remand was "surprising" and "led [the] VE to conclude, for the first time, that Stacy could still perform" his previous occupation. *Stacy*, 825 F.3d at 567. In other words, the question is not whether there were "750 additional pages of evidence" on remand (Doc. No. 22-1 at 12), but whether that evidence was "substantially different" than what was available during the prior proceeding such that a reassessment of the original RFC is necessary. *Merritt v. Mackey*, 932 F.2d 1317, 1321 (9th Cir. 1991) (noting that the law of the case should be followed absent "substantially different" evidence or a change in controlling law) (citation omitted).

Neither the Commissioner in his moving papers nor ALJ Schum in his decision identified any "'bombshell' evidence on remand that would change the disability calculus in a significant manner." *Huong Thi N. v. Berryhill*, No. 3:16–cv–02258–JE, 2018 WL 3312984, at *6 (D. Or. July 5, 2018) (distinguishing *Stacy*). ALJ Schum's opinion consists largely of a re-evaluation of evidence that was before ALJ Henrie in the previous proceedings and was part of the record on plaintiff's appeal to the District Court. *See Fallstead v. Colvin*, No.16-cv-00829-JST, 2017 WL 3579568, at *6 (N.D. Cal. May 26, 2017) (noting that "an exception to the rule of mandate and law of the case doctrine" applies where the ALJ on remand "relied on evidence pertaining to plaintiff's condition that was not before the district court").

For example, departing from ALJ Henrie's consideration of the same evidence, ALJ Schum disregarded entirely Dr. Shore's psychological assessment, finding it was entitled to "no weight" at all. AR at 804. ALJ Schum also afforded "minimal weight" to third-party function reports from plaintiff's sister and a friend due to "inconsistencies" with the medical records. *Id.* at 807. In contrast, ALJ Henrie, while noting some discrepancies in the third-party function reports, "acknowledge[d] [plaintiff's] deficits in concentration, persistence, or pace and social functioning" as related by the third parties and "articulated" those deficits in the RFC findings. *Id.* at 38. Whereas ALJ Henrie gave lesser weight to

the State agency medical consultant's opinion that plaintiff could perform light work, ALJ Schum assigned the same report greater weight. *Compare id.* at 38 *with id.* at 808. Likewise, ALJ Schum also cited to plaintiff's "history of legal problems" and past substance abuse (which were also part of the record before ALJ Henrie) in support of his RFC. *Id.* Ultimately, by substituting his judgment for ALJ Henrie's on remand, ALJ Schum made findings that were "inconsistent" with ALJ Henrie's decision and thus outside the scope of the remand order.[4] *Fallstead*, 2017 WL 3579568, at *6; *see also Ischay*, 383 F.Supp.2ds at 1213 (finding that ALJ "violated [the] mandate and adjudicated issues already settled by the law of the case" where ALJ "reopened the case beyond the issues identified" in the remand order).

The Court's independent review of plaintiff's newly-submitted medical records reveals them to be "generally consistent with the overall record." *Huong Thi N.*, 2018 WL 3312984, at *6. As noted, ALJ Henrie's RFC determination applied to the period April 2, 2012 to March 21, 2015. AR at 40. Medical records within that time frame document plaintiff's regular complaints of chronic pain, specifically her back and neck, which worsened with activity and improved with rest. *See id.* at 708-20, 788-96. Notes from healthcare providers for the same period confirm the diagnoses of schizoaffective disorder and PTSD and plaintiff's treatment for those conditions.[5] *Id.* at 733-79.

Furthermore, the medical records post-dating March 2015 do not demonstrate any improvement in plaintiff's condition, but rather that her physical and psychological limitations remained consistent. She continued to receive regular care and treatment for

---

[4] For similar reasons, the Court rejects the Commissioner's argument that there is "conflicting evidence" in the record regarding plaintiff's limitations. *See* Doc. No. 22-1 at 18. The Commissioner's citations to evidence that was before ALJ Henrie to establish such "conflicts" merely illustrates the point: whatever tensions existed between plaintiff's testimony and the medical records, they were resolved when ALJ Henrie determined plaintiff's RFC. The question for the Court is whether ALJ Schum was authorized to alter that RFC. For reasons set forth herein, he was not.

[5] ALJ Schum disregarded a June 2015 psychological report, mistakenly believing it to be dated June 2011. *See* AR at 733-39, 808.

chronic pain in her back, legs, knees and hips. *See*, *e.g.*, *id.* at 1676-1700, 1753-58, 1762-98, 1809-13. Spinal imaging confirmed her disc disease. *Id.* at 1444-52; 1799-1800. Plaintiff continued to use a cane and a brace due to her right foot drop. *Id.* at 1776-77; *see also id.* at 825-26 (plaintiff's testimony during the hearing that she was wearing a brace and has consistently used a cane for support while walking since 2013). Plaintiff also received ongoing care for her depression, anxiety, PTSD, schizoaffective disorder, and borderline personality disorder. *See* AR at 1074-1144, 1571-1612. She continued to experience panic attacks, auditory hallucinations and paranoia, and her psychological symptoms were reportedly exacerbated by her physical pain. *Id.* She presented to the emergency room on at least three occasions for anxiety and panic attacks. *Id.* at 1535-60. ALJ Schum makes only passing, if any, references to these records, and in fact explicitly disregarded some of them.[6] *See*, *e.g.*, AR at 803, 804, 808.

Aside from the discussion of Dr. Shore's report that was already in the record, ALJ Schum's revised RFC rests heavily on the fact that plaintiff is a single parent caring for an infant. *See* AR at 805, 807, 808. At the hearing, ALJ Schum elicited the following testimony:

> Q: You also had a baby recently, is that correct?
>
> A: Yes.
>
> Q: And, when did you have a baby?
>
> A: 2018.
>
> Q: And, what date was the baby born?
>
> A: February 2.

---

[6] As noted above, ALJ Schum assigned no weight to the June 2015 psychologist's report. He also disregarded an April 2018 letter from plaintiff's psychologist regarding her mental condition and its impact on her ability to care for herself as "unsupported by the medical record" and plaintiff's testimony. *See* AR at 808, 1146.

> Q: There was an indication in the record that you weren't making your medical appointments because, "You were very busy, and sleep deprived, due to the demands of taking care of your child." Is that true?
>
> A: What?
>
> Q: [question repeated]
>
> A: Yes. I don't have the help that I am supposed to have. It is kind of shifting from people.
>
> Q: Are you a single parent?
>
> A: Yes.

AR at 826-27. ALJ Schum did not question plaintiff further as to her ability to care for her child or the physical demands that care entailed, despite the indication in the medical records that she was having difficulty meeting those demands. *Id.* ALJ Schum incorrectly concluded from that plaintiff cared for her child "without regular help from others," when her testimony plainly states that she *was* receiving help from others, although perhaps lesser in degree or consistency than she may have wanted. *Id.* at 808, 827. Although there are references in the medical records that she was living alone pre-pregnancy, by April 2018 her psychologist had recommended that she be supervised around the clock due to her severe mental illness, and she testified at the hearing that she lived with her brother. *See id.* at 805, 828, 1146. Nevertheless, ALJ Schum repeatedly cited plaintiff's single parenthood and ability to "take care of herself and her infant child" in support of his revised assessment of plaintiff's RFC. *See id.* at 805, 807, 808. As motherhood and disability are not mutually exclusive conditions, the Court does not find that plaintiff's status as a single mother supports ALJ Schum's decision to abandon ALJ Henrie's RFC determination.

ALJ Schum also referenced the fact that plaintiff applied for unemployment benefits in 2017 and in doing so, represented that she was able to work. *Id.* However, he did not address the evidence in the record, including plaintiff's testimony, that during her brief employment she frequently missed work due to pain or her complaints that she suffered from fatigue, physical stress, and increased panic attacks and often argued with her

coworkers. *Id.* at 832-33, 1075-77. Plaintiff had not worked for over two years at the time of the hearing before ALJ Schum.

Because the record before ALJ Schum did not contain new evidence that materially changed plaintiff's RFC, the Court finds that ALJ Schum erred by making new findings at Steps One through Four on remand.

### **D. ALJ Schum's New RFC Is Not Supported by Substantial Evidence**

The Commissioner argues that ALJ Schum was entitled to assess plaintiff's RFC for the period post-dating ALJ Henrie's decision, unconstrained by the law of the case or the District Court's mandate. Doc. No. 22-1 at 12. Yet, as noted, when a matter is remanded to the Administration for further proceedings, there will often be evidence post-dating the original RFC determination. The goal of judicial efficiency would surely be thwarted if the ALJ could use the existence of that additional evidence, regardless of its content, to justify a *de novo* review of a claimant's disability status. *See Ischay*, 383 F.Supp.2d at 1215 ("Consistent with the principles vindicated by both the rule [of mandate] and the [law of the case] doctrine … ALJs may not re-litigate issues already settled by their remand orders."). The better rule is that the law of the case and the rule of mandate may only give way where: "(1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." *Id.* at 1219-20 (citing *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). For the reasons discussed above, none of those conditions is met here.

Nevertheless, even assuming ALJ Schum was entitled to re-adjudicate plaintiff's RFC, the Court finds that his determination in that regard is not supported by substantial evidence. The Commissioner asserts that ALJ Schum revised plaintiff's RFC "based on … new evidence." Doc. No. 22-1 at 12. As explained above, however, ALJ Schum's less-favorable RFC determination is based substantially on a re-assessment of evidence that was previously in the record. He did not identify any new medical evidence that supports his altered RFC, stating only that it was "supported by the record as a whole." AR at 808.

The Court has independently reviewed the evidence that post-dates ALJ Henrie's decision, including "'both the evidence that supports and detracts from the [Commissioner]'s conclusions.'" *Samples v. Colvin*, 103 F.Supp.3d 1227, 1230 (D. Or. 2015) (quoting *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)) (alteration in the original). As set forth above, this evidence is consistent with the record that was before ALJ Henrie and does not demonstrate that plaintiff's physical or mental condition improved. A large portion of the new medical records relate to plaintiff's pre- and post-natal care, which are not germane to plaintiff's RFC, although they do confirm that her pregnancy was complicated by her back pain, foot drop and mental health concerns. *See*, *e.g.*, AR at 1172-73, 1178-79, 1385. Other records documenting skin rashes, routine laboratory results and gastrointestinal complaints are likewise irrelevant to plaintiff's disability. Put simply, there is no evidence from which the Court can draw the conclusion, as ALJ Schum did, that plaintiff can "lift and carry up to 20 pounds occasionally and up to ten pounds frequently," "stand or walk six hours in an eight-hour workday," or "sit for six hours in an eight-hour workday." AR at 806; *accord Ischay*, 383 F.Supp.2d at 1213 (ALJ's decision must be supported by "substantial evidence," meaning "'such relevant evidence as a reasonable mind might accept as adequate to support'" it) (citation omitted). The Court therefore finds that ALJ Schum's RFC determination is not supported by substantial evidence, and alternatively reverses on that basis.

### E. ALJ Schum's Errors Were Not Harmless

A claimant's RFC is "'the most' the claimant can do, despite any limitations." *Dominguez v. Colvin*, 808 F.3d 403, 405 (9th Cir. 2015) (citation omitted). For that reason, "[a] correct RFC is necessary to understand the claimant's ability to function in the workplace[.]" *Stacy*, 825 F.3d at 568. The ALJ may rely on a vocational expert's testimony that there is work available for a hypothetical claimant with the plaintiff's limitations only where the hypothetical accurately reflects those limitations. *See Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (noting that hypothetical posed to the expert must include all the claimant's functional limitations as supported by the record).

Here, ALJ Schum erred by making new findings at Steps One through Four and by failing to address plaintiff's ability to tolerate noise at Step Five. He then posed hypotheticals based on his erroneous RFC to the vocational expert, who identified three occupations an individual with that RFC could perform: inspector, sub assembler and hand-packager. *Id.* at 838-39. Reinforcing "the same error that was fatal to the first administrative decision," ALJ Schum did not address whether those jobs would expose plaintiff to an unacceptable level of noise. *Sanchez*, 2012 WL 3704756, at *16. ALJ Schum relied on the vocational expert's testimony in determining that plaintiff was not disabled. AR at 809.

Plaintiff's counsel posed a competing hypothetical to the vocational expert based on ALJ Henrie's RFC, with the additional limitation that plaintiff could only tolerate minimal noise, as follows:

> Q: Please assume an individual capable of sedentary work; sitting six, standing two. But, standing for no longer th[a]n 10 minutes at a time. No public interaction. And, rare supervisorial interaction, and rare contact with co-workers. And, in a minimal noise environment. Is there work for that individual?
>
> A: Well, we don't have a definition for minimal. We have moderate, which is the usual. You know, that avoid loud, or very loud. Would that be okay?
>
> Q: Let's see. Like, a quiet office setting. [What] [w]ould that be classified as?
>
> A: Okay. So, if we say quiet office setting, I can quantify that. So, if we have rare contact with supervisors. And, minimal – no, quiet office, and rare with co-workers. ***Add the quiet environment, there would be no work given that hypothetical.***

AR at 841.

Based on the foregoing testimony, the Court cannot conclude that ALJ Schum's violations of the rule of mandate and law of the case doctrine were inconsequential to his ultimate disability determination. *See Stout*, 454 F.3d at 1055. Indeed, but for those errors, plaintiff likely would have been deemed disabled. *See Almarez*, 2010 WL 3894646, at *6 (finding error was not harmless where vocational expert testified that the jobs identified

would not be available if additional limitations were included in the RFC). Accordingly, the Court finds ALJ Schum's errors were not harmless.

## F. Remand

For the reasons set forth herein, the Court finds ALJ Schum's April 30, 2019 decision is both "based on legal error" and "not supported by substantial evidence," and must be set aside. *Thomas*, 278 F.3d at 954. However, because the Court is "without authority to order payment of benefits absent a finding of disability," plaintiff's request for an order requiring payment of benefits is denied. *See Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1136 (9th Cir. 2011); *see also id.* at 1138 (explaining that "[a] claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled," regardless of the legal errors in the ALJ's decision); *Treichler v. Comm'r of the Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (noting that "remand for an award of benefits" is done "only in rare circumstances").

The Court finds the "tone" of ALJ Schum's decision – and in particular his emphasis on plaintiff's status as a single mother as a justification for his finding that she was not disabled – troubling and suggestive of a possible "commitment to the denial of [plaintiff's] claim." *See Risco v. Saul*, No. 18-cv-07193-RMI, 2020 WL 2733958, at *6 (N.D. Cal. May 26, 2020) (citing *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996)). Therefore, although the Court makes no finding of bias, it recommends that on remand, this matter be assigned to a different ALJ. *Id.* (noting that "under certain circumstances a district court can either order or recommend the case to be reassigned to a new ALJ on remand").

The Court is further concerned that repeated remand of plaintiff's claims will "create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 378 F.3d 587, 595 (9th Cir. 2004). To avoid this, the ALJ to whom the matter is reassigned on remand is directed to comply with the law of the case doctrine and the rule of mandate, and thus to use the RFC determination set forth in ALJ Henrie's March 21, 2015 decision. The sole issue to be addressed on remand is remedying ALJ Henrie's "legal error at [S]tep [F]ive of the sequential evaluation process." *See supra*, pp.

5-6 (citing MSJ Order at 6). The ALJ is further directed to ensure that any hypotheticals used fully capture all of plaintiff's functional limitations and to obtain, if possible, evidence at Step Five that plaintiff can perform work with the RFC as determined by ALJ Henrie. If any discrepancies exist between the vocational expert's testimony and the DOT, the ALJ must fully explain and resolve them before deeming plaintiff not disabled.

## V. CONCLUSION

For the reasons set forth above, plaintiff's motion for summary judgment is GRANTED and defendant's motion for summary judgment is DENIED. ALJ Schum's decision is hereby REVERSED. The Court REMANDS the matter to the Social Security Administration for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated: November 30, 2020

Hon. Karen S. Crawford
United States Magistrate Judge