UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUITA MARIE Q., <br><br>　　　　　　　Plaintiff, <br><br>v. <br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, <br><br>　　　　　　　Defendant. | Case No.: 19-cv-01280-KSC <br><br>**ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY FEES** <br><br>**[Doc. No. 27]** |

　　　Before the Court is a Motion for Attorney Fees Pursuant to 42 U.S.C. § 1383(d)(2)(B), in which plaintiff's counsel requests an award of fees for representing plaintiff in connection with her application for Social Security disability benefits (the "Motion"). Doc. No. 27. The Motion is unopposed.[1] Pursuant to Civil Local Rule 7.1.d.1, the Court finds the Motion suitable for disposition without argument. For the reasons stated herein, the Court **GRANTS** the Motion and **ORDERS** that counsel's fees be paid from plaintiff's benefit award consistent with the terms of this Order.

---

[1] Plaintiff was given the opportunity to oppose the Motion but did not do so. Doc. No. 28. On March 17, 2022, defendant notified the Court that it takes no position on counsel's request for fees. *See* Doc. No. 30.

1

## I.  BACKGROUND

Plaintiff filed an application for Social Security Disability Insurance benefits on May 16, 2013. Plaintiff's claim was denied through the highest level of administrative review, and on November 1, 2016, plaintiff appealed that denial to the District Court. *See Marquita Marie Q. v. Berryhill*, Case No. 16-cv-2716-CAB-KSC (S.D. Cal. Nov. 1, 2016), Docket No. 1. The Honorable Cathy Ann Bencivengo of this District reversed and remanded plaintiff's claim to the Social Security Administration (the "Administration") for further proceedings on April 30, 2019. *See id.*, Docket No. 12.

On remand, the Administrative Law Judge again returned a finding that plaintiff was not disabled, which later became the final decision of the Commissioner. Doc. No. 24 at 7, Doc. No. 1 at 2. Plaintiff filed the current action on July 10, 2019, seeking judicial review of the Commissioner's second decision denying benefits. *See* Doc. No. 1. On November 30, 2020, the undersigned Magistrate Judge granted plaintiff's motion for summary judgment, reversed the Administrative Law Judge's decision, and remanded the case to the Administration for further proceedings. *See generally* Doc. No. 24.

The Commissioner granted plaintiff's application for benefits on remand. *See* Doc. No. 27 at 4; *see also* Doc. No. 27-2; Doc. No. 27-3. The Administration calculated plaintiff's past-due benefits in the amount of $77,133.95. *Id*.

Throughout these proceedings, plaintiff has been represented by the Law Office of Lawrence D. Rohlfing Inc., CPC.[2] On November 28, 2017, plaintiff signed a "Social Security Representation Agreement" with counsel, agreeing that "in consideration of the services to be performed by [counsel]," counsel would be paid 25% of any past due benefits awarded to plaintiff if her appeals were successful. *See* Doc. No. 27-1.

Counsel now moves the Court for approval of an award of attorneys' fees in the amount of $15,000, offset by any amounts received pursuant to the Equal Access to Justice

---

[2] References to "counsel" herein include the Law Offices of Lawrence D. Rohlfing Inc., CPC, and any attorneys and staff employed by that firm.

Act (the "EAJA").[3] Doc. No. 27 at 5. The requested fees represent 19.45 percent of plaintiff's past-due benefits. *Id.* at 6.

## II. LEGAL STANDARDS

An attorney who obtains a favorable result for a Social Security claimant is entitled to compensation for such representation from any benefits recovered. *See* 42 U.S.C. § 1383(d)(2)(B) (hereafter "Section 1383"); *see also* 42 U.S.C. § 406(b) (hereafter "Section 406(b)"). Counsel moves for payment of fees pursuant to Section 1383, which provides:

> if the claimant is determined to be entitled to past-due benefits under this subchapter and the person representing the claimant is an attorney, the Commissioner of Social Security shall pay out of such past-due benefits to such attorney an amount equal to the lesser of—
>
> (i) so much of the maximum fee as does not exceed 25 percent of such past-due benefits (as determined before any applicable reduction under subsection (g) and reduced by the amount of any reduction in benefits under this subchapter or subchapter II pursuant to section 1320a-6(a) of this title), or
>
> (ii) (ii) the amount of past-due benefits available after any applicable reductions.

42 U.S.C. § 1383(d)(2)(B). The statute further incorporates the provisions of Section 406(b), stating that those provisions "shall apply to this part to the same extent as they apply in the case of subchapter II [of this chapter]." *See* 42 U.S.C. § 1383(d)(2)(A). Like Section 1383, Section 406(b) prohibits fee awards "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *See* 42 U.S.C. § 406(b)(1)(A). Neither statute instructs the Court as to how counsel's fees should be calculated.

---

[3] Counsel specifically moves the Court to order: (1) payment of the fee of $15,000; (2) that counsel reimburse plaintiff in the amount of $1,156.44 for EAJA fees received in connection with the first District Court action; and (3) that counsel reimburse plaintiff in the amount of EAJA fees received in connection with the instant action. Doc. No. 27 at 2.

In assessing attorneys' fees in the Social Security context, both the Supreme Court and the Ninth Circuit have signaled a preference for reasonableness considerations over forced lodestar calculations. *See Gisbrecht*, 535 U.S. at 808-09 and *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc). In *Gisbrecht*, the district court disregarded the plaintiffs' contingency-fee agreements with their clients and instead calculated counsel's "reasonable fee" by using the lodestar method, resulting in significantly lower fees, and the Ninth Circuit affirmed.[4] 535 U.S. at 797-98. The *Gisbrecht* court reversed. *Id.* at 809. Noting that contingent-fee agreements are nearly ubiquitous in the Social Security context, the Supreme Court held that the 25 percent cap on fee awards under Section 406(b) (and, by extension, Section 1383) was not meant to render such agreements unenforceable, but to protect claimants from "inordinately large fees." *Gisbrecht*, 535 U.S. at 800, 805. So long as the agreed-upon fee did not exceed the statutory maximum, the Supreme Court reasoned, the parties' agreement should be honored. *See id.* at 793.

The Ninth Circuit has since reiterated that under *Gisbrecht*, "[contingency fee] agreements [are] the primary means for determining [counsel's] fee." *Crawford,* 586 F.3d at 1149; *See Crawford*, 586 F.3d at 1148 (noting that "the Supreme Court flatly rejected [the] lodestar approach"). The *Crawford* court further explained why the lodestar method is disfavored, observing that it "under-compensates attorneys for the risk they assume in representing [a Social Security Disability benefits] claimant," thereby discouraging qualified counsel from accepting disability benefits cases and decreasing the availability of counsel for claimants who require representation for recovery. 586 F.3d at 1149; *see also Sproul v. Astrue*, No. 11-CV-1000-IEG (DHB), 2013 WL 394056, at *2-3 (S.D. Cal. January 30, 2013) ("'An attorney that can collect only a lodestar amount when he wins a Social Security benefits case and absolutely nothing when he loses a benefits case is an

---

[4] The lodestar method calculates the attorney's fee by multiplying the hours reasonably spent on the representation by a reasonable hourly rate. *Id.* at 797.

attorney likely to forego representing Social Security claimants altogether.'") (citation omitted).

The *Gisbrecht* and *Crawford* courts declined to enumerate a precedential list of factors for judges to consider for fee awards, instead stating that the Court should consider "the character of the representation and the results the representative achieved." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). Although the Court should respect the "primacy of attorney-client fee agreements," counsel's fee may be reduced on a showing of delay, excessive billing, or other indicia of unreasonableness. *Gisbrecht*, 535 U.S. at 793, 808.

### III.   DISCUSSION

**A. <u>Evaluation of Counsel's Fee Request</u>**

With the foregoing considerations in mind, the Court turns to the fee request presently before the Court. To reiterate, plaintiff's past due benefits are $77,133.95; of that amount, counsel requests a fee of $15,000, or approximately 19.45 percent.[5] *See* Doc. No. 27 at 4. This amount is less than the statutory maximum; it also less than the 25 percent fee plaintiff agreed to when she retained counsel.[6] *See* 42 U.S.C. § 1383(d)(2)(B); *see also* Doc. No. 27-1 (retainer agreement). Counsel argues that this amount is reasonable "[c]onsidering the nature of the representation and the results achieved, and testing the reasonableness with the time expended, consideration of hourly rates, market treatment of contingency, and the relative dearth of qualified counsel for court review of agency determinations . . .." Doc. No. 27 at 4. The Court agrees.

///
///

---

[5] Counsel will also seek an administrative fee for representing plaintiff in administrative proceedings but represents that the "aggregate of all fees received by counsel … will not exceed the withholding in this case." *See* Doc. No. 27 at 8.

[6] Twenty-five percent of plaintiff's retroactive benefits is $19,283.48.

1. *Nature of Representation and Result Achieved*

As an initial matter, under *Gisbrecht*, the Court should give effect to the parties' agreement unless the record reveals a basis for doing otherwise. 535 U.S. at 807. Here, the Administration ultimately deemed plaintiff disabled, entitling her to over $77,000 in past-due benefits – a favorable result. As to the nature of the representation, the Court observes that counsel has represented plaintiff on a contingency basis in two separate actions in this District. During the nearly six years of litigation in federal court regarding plaintiff's entitlement to disability benefits, counsel has not been paid. *See Thomas v. Colvin*, No. 1:11CV01291, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (noting the "contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms" supported a request for 25 percent of benefits, and awarding same). The Court finds these factors weigh in favor of the requested fee award.

2. *Whether Counsel's Requested Fee Is Excessive*

The Court has also considered whether counsel's fee is excessive in comparison to the work performed or to prevailing market rates. In this regard, the Court has reviewed the detailed billing records submitted in support of the requested fees. *See generally* Doc. No. 27-4. Although the Court's reasonableness determination is not – and should not be – premised on a simple hourly rate calculation, an assessment of counsel's effective hourly rate for the work performed nevertheless provides a useful guide as to whether the requested fee is excessive or represents a windfall in comparison to the work performed. Counsel's billing records demonstrate that counsel expended 21.25 attorney hours and 3.9 paralegal hours on the first District Court case, and 15 attorney hours and 3.25 paralegal hours on the instant litigation, for a total of 43.4 hours. *See* Doc. No. 27 at 4 n.3; *see also* Doc. No. 27-4. Dividing the requested fees by the number of hours expended yields an effective hourly rate of $345.62. This rate is well within the range (on the low end, in fact) of hourly rates charged by other attorneys who litigate consumer matters (including their government counterparts), according to data provided by counsel. *See generally* Doc. No. 27-5. Moreover, other courts in this District have approved fee requests with significantly

higher effective hourly rates. *See, e.g.*, *Sproul*, 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013) (approving a 25% fee award, for an effective hourly rate of $794.63); *see also Iler v. Berryhill*, No. 14cv2026-MMA (BGS), 2018 WL 3969182, at *2 (S.D. Cal. July 30, 2018) (approving an effective hourly rate of $943.55); *Ricardo A. v. Saul*, No. 3:19-cv-00846-AHG, 2021 WL 718605, at *2 (S.D. Cal. Feb. 24, 2021) (collecting cases approving "*de facto*" hourly rates between $402 and $902). The Court finds these factors weigh in favor of the requested fee award.

### 3. Policy Considerations

The Court has also considered the public interest in incentivizing qualified attorneys to represent disability claimants. As the court in *Crawford* recognized, attorneys for claimants "assume significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." 586 F.3d at 1152. Even if successful, counsel may have to "wait[] a long, long time for payment." *Id.* Giving effect to the parties' negotiated fee agreement compensates the attorneys not only for the time expended but the risks assumed, and ensures their willingness to undertake those risks again in future cases. *See id.*; *accord Streeter v. Kijakazi*, No. 1:18-cv-01276-SKO, 2021 WL 4065545, at *2 (E.D. Cal. Sept. 7, 2021) (noting that "[t]he goal of fee awards in this context is to provide adequate incentive to represent claimants" while protecting claimants from the "depletion" of the benefits recovered). The Court finds this factor also weighs in favor of granting counsel's fee request.

### 4. Whether Any Reduction in the Amount of Fees Requested Is Necessary

Finally, the Court has also evaluated whether any other circumstances warrant a reduction in the requested fees. The Administration's ultimate determination that plaintiff is entitled to disability benefits demonstrates that the case was meritorious, and the record does not reveal any inordinate delay caused by counsel, work that was substandard, unnecessary or duplicative, or other indications that counsel's fee is excessive.
///

### 5. *Conclusion Regarding Reasonableness of Counsel's Fee*

In summary, as a result of counsel's efforts, plaintiff received a favorable decision and an award of past-due benefits of over $77,000. Counsel's requested fees are less than both the 25 percent statutory maximum and the amount that plaintiff agreed in advance to pay for a successful outcome. The Court has found no evidence of delay or other factors that would necessitate reducing the requested fees. Accordingly, the Court finds that counsel's request for attorneys' fees request is reasonable, and **GRANTS** the Motion.

## B. Counsel Must Refund Plaintiff Any Fees Received Pursuant to the EAJA

The EAJA also permits an attorney to receive fees for successful Social Security representations.[7] *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1216-17 (9th Cir. 2012). However, unlike fees recovered pursuant to Section 1383 or Section 406(b), which are paid by the claimant, EAJA fees are paid by the government. *Id*. at 1218. While "[f]ee awards may be made under both prescriptions, . . . the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (quoting Pub.L. No. 99–80, § 3, 99 Stat. 183 (1985)). Accordingly, counsel must refund plaintiff for any EAJA fees that counsel has received for work before the Court.[8]

---

[7] Pursuant to the EAJA:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*See* 28 U.S.C. § 2412 (d)(1)(A).

[8] In connection with plaintiff's first appeal to the District Court, Judge Bencivengo granted counsel's request for EAJA fees, of which counsel received $1,156.44. Doc. No. 27 at 2. Counsel explains that the fees authorized by Judge Bencivengo were reduced in satisfaction of plaintiff's child support debt. *Id*. at 2 n. 1. This Court also awarded plaintiff's counsel EAJA fees in the amount of $3,300.00. *See* Doc. No. 26. However, counsel reports that no

**ORDER**

Based on the foregoing, the Court **GRANTS** counsel's motion for attorneys' fees pursuant to 42 U.S.C. § 1383 [Doc. No. 27] and **APPROVES** an award in the amount of $15,000.00 to the Law Offices of Lawrence D. Rohlfing Inc., CPC. The Court further **ORDERS** plaintiff's counsel to refund plaintiff $1,156.44 in EAJA fees that counsel received in connection with the first District Court action, and further to refund plaintiff any portion of the $3,300 EAJA fees awarded in this action that are received by counsel.

**IT IS SO ORDERED.**

Dated: April 18, 2022

Hon. Karen S. Crawford
United States Magistrate Judge

---

amount of this award has yet been paid, and "it is unknown if the U.S. Department of the Treasury will apply part or all of that fee towards any outstanding debt that [plaintiff] may owe." Doc. No. 27 at 2.